IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DWAYNE R. RICHARDSON<br>1312 Guilford Avenue, # 221<br>Baltimore, MD 21202<br><br>　　　Plaintiff<br><br>　　　vs.<br><br>HARTFORD<br>P.O. Box 14306<br>Lexington, KY 40512-4306<br><br>Serve:<br>Alfred Redmer, Jr.<br>Insurance Commissioner for the State of Maryland<br>200 St. Paul Place<br>Suite 2700<br>Baltimore, MD 21202-2272<br><br>　　　Defendant | *<br>*<br>*<br>*<br>*　　No.:<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

## COMPLAINT

Now comes the Plaintiff, Dwayne R. Richardson, by and through his attorney, Keith R. Siskind and the Law Offices of Steinhardt, Siskind and Associates, LLC, and files this Complaint against the Defendant, and in furtherance thereof states as follows:

### Jurisdiction

1. That this Court has jurisdiction over the parties of this cause of action pursuant to Title 28 USC, §1332 and 29 USC, § 1132 (e).

2. That the ERISA statute provides, at 29 USC, § 1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal are now exhausted as the Defendant issued a final decision on September 20, 2017.

1

3. That this Court has jurisdiction of the subject matter as the long term disability plan issued by the Defendant to the Plaintiff's employer, Ignite Restaurant Group, Inc. (Joe's Crab Shack), is a qualified Employee Welfare Benefit Plan regulated by the Employment Retirement Security Act of 1974, 29 USC, § 1001, et seq.

## Venue

4. That venue of this action lies in the United States District Court for the District of Maryland under 29 USC, § 1132(e)(2), 28 USC, § 1391, in that the Plaintiff resides in the State of Maryland, is employed in the State of Maryland, and the cause of action arose in the State of Maryland.

## The Parties

5. That the Plaintiff, Dwyane Richardson, is an individual, a citizen of the State of Maryland, residing at 1312 Guilford Avenue, # 221, Baltimore, MD 21202.

6. That the Defendant, Hartford, entered into a contract of insurance with the Plaintiff's employer, Ignite Restaurant Group, Inc. (Joe's Crab Shack), to provide long term disability benefits to its employees.

## Statement of Facts

7. That the Plaintiff was employed as a Kitchen Manager for Ignite Restaurant Group, Inc. (Joe's Crab Shack) where he began working on June 13, 2012.

8. That the Plaintiff is presently 36 years of age. The Plaintiff ceased working as of January 10, 2015 as a result of a cerebrovascular accident (CVA/stroke).

9. The Plaintiff was paid short term disability benefits and then transitioned to long term disability benefits beginning in April, 2015. By letter dated April 14, 2017 the

Defendant denied further long term disability benefits. The Defendant concluded that the Plaintiff is capable of performing an occupation at the sedentary level. **See Exhibit 1.**

10. That through the undersigned counsel Plaintiff filed an administrative appeal on August 10, 2017. **See Exhibit 2.**

11. That by letter dated September 20, 2017 the Defendant upheld its decision to deny long term disability benefits to the Plaintiff as of April 13, 2017. Once again the Defendant concluded that Plaintiff is capable of performing a sedentary occupation based upon a peer review analysis and an employability analysis. **See Exhibit 3.**

12. That at issue in this case is the policy language of the plan issued by the Defendant. Pursuant to the plan the definition of disability is as follows:

> *Disability or Disabled means You are prevented from performing one or more of the Essential Duties of:*
> *1)    Your Occupation during the Elimination Period;*
> *2)    Your Occupation, for the 2 year(s) following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and*
> *3)    after that, Any Occupation.*

13. That the Plaintiff contends that the Defendant did not conduct a full and fair review and that the decision to deny long term disability benefits was unreasonable and not supported by substantial evidence.

14. That the Plaintiff contends that he has submitted objective medical evidence to document a disability. The medical and other evidence submitted on behalf of the Plaintiff demonstrates that the Plaintiff is precluded from working at a sedentary occupation.

15. That the Defendant has failed to reasonably consider the evidence presented by the Plaintiff, particularly a Disability Work Assessment conducted at Nova Care Rehabilitation on June 22, 2017 concluding that the Plaintiff's physical capacity demand is less than sedentary.
16. That the Plaintiff contends that the decision to deny benefits under the plan was arbitrary, illegal, capricious, unreasonable, discriminatory, and not made in good faith.
17. That as a direct and proximate result of the aforesaid actions the Defendant is in breach of its agreement to provide long term disability benefits under the plan.
18. That pursuant to the terms of the plan Plaintiff is eligible to receive 60% of his monthly earnings subject to an offset for receipt of Social Security Disability benefits. The duration of benefits is the Plaintiff's Social Security normal retirement age of 67. Plaintiff was receiving $ 1,004.00 per month. Benefits are currently due and owing from April 13, 2017 through November 13, 2017 totaling 7 months in the amount of $ 7,028.00.
19. That as a direct and proximate result of the Defendant's actions the Plaintiff has been caused to incur attorney's fees and costs in an amount not now known to the Plaintiff.

WHEREFORE, the Plaintiff prays for the following relief:

    a. That this Court award the Plaintiff all long term disability benefits due to the Plaintiff under the terms of the plan, said benefits beginning April 14, 2017;

    b. Granting the Plaintiff a monetary judgment against the Defendant for all

amounts due and owing;

c. That the Court award Plaintiff his attorney's fees pursuant to 29 U.S.C. § 1132, along with pre-judgment interest; and

d. For any and all other relief to which the Plaintiff may be entitled or the nature of this cause of action may require.

/s/ *Keith R. Siskind, Esquire*
Keith R. Siskind, Esquire
Steinhardt, Siskind and Associates, LLC
808 Landmark Drive, Suite 227
Glen Burnie, MD 21061
410-766-7630
Attorney for Plaintiff
Trial Bar # 04415